1
2
3          IN THE UNITED STATES DISTRICT COURT
4              FOR THE DISTRICT OF ARIZONA
5

6   United States of America,            )   CR 11-02326-TUC-RCC (HCE)
                                          )
7          Plaintiff,                     )   **REPORT AND RECOMMENDATION**
                                          )
8   vs.                                   )
                                          )
9                                         )
    Jesus Noriega (5),                    )
10                                        )
           Defendant.                     )
11                                        )
12  _____  )

13
14          Defendant Jesus Noriega filed a Motion To Sever Case From Carlos Chavez (Doc.
15  210). The Government filed a Response To Defendant Jesus Noriega's Motion To Sever
16  Case From Carlos Chavez (Doc. 219).
17          Defendant's motion came on for hearing on September 17, 2012. After review of
18  Defendant's Motion To Sever Case From Carlos Chavez (Doc. 210), the Government's
19  Response To Defendant Jesus Noriega's Motion To Sever Case From Carlos Chavez (Doc.
20  219), and respective counsel's argument, the Magistrate Judge recommends that the District
21  Court deny Defendant's Motion To Sever Case From Carlos Chavez (Doc. 210) for the
22  reasons stated herein.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

23      **A.      Indictment**

24          It is alleged that Defendant Jesus Noriega: from a time unknown to on or about June
25  2, 2011 at or near Tucson, in the District of Arizona, knowingly and intentionally conspired
26  with Defendants 1 through 4 and 6 through 9, to possess with the intent to distribute 682
27  kilograms of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C.
28

1  §§841(a)(1), 841(b)(1)(vii), and 846 (Count 1); on or about June 2, 2011, at or near Tucson,

2  in the District of Arizona, possessed and carried firearms, or aided, abetted, counseled,

3  commanded, induced, and procured  the possession and carrying of firearms, specifically,

4  one Sig Sauer, Model SP2022, 9mm caliber pistol, serial number SP0094054; one

5  Springfield Armory, Model XDM-9, 9mm caliber pistol, serial number MG938162; and one

6  Colt, Government Model Series 80, .45 caliber pistol, serial number CV26284, in furtherance

7  of a drug trafficking offense as defined in 18 U.S.C.§924(c)(2), and 21 U.S.C. 802, et. seq.,

8  i.e., conspiracy to possess with the intent to distribute a controlled substance, as alleged in

9  Count 1 of the indictment, in violation of 18 U.S.C. §924(c)(1)(A)(i) (Count 2); and on or

10  about June 2, 2011, at or near Tucson, in the District of Arizona, having been previously

11  convicted of a crime punishable by imprisonment for a term exceeding one year, i.e., Fleeing

12  From A Law Enforcement Vehicle, case number CR20063300, and Theft Of Means Of

13  Transportation, case number CR20063227, both felony offenses, in the Superior Court of

14  Arizona, Pima County, Tucson, Arizona, on December 13, 2006, knowingly possessed

15  firearms as alleged in Count 2 of the indictment, said firearms being in and affecting

16  commerce in that such firearms were previously transported into the State of Arizona from

17  another state or foreign country, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2). (Count

18  3). (Doc. 25).

19     **B.     Facts**

20         The conspiratorial period[1] is alleged to have begun at some unknown point in time up

21  to June 2, 2011. An undercover agent (hereinafter "agent") first met with Defendant Carlos

22  Chavez on April 18, 2011, regarding a home invasion-drug ripoff. Defendant Chavez only

23  alluded to having a "crew" to carry it out.

24         The agent next met Defendant Chavez and Defendant Jesus Carillo on April 19, 2011.

25  A general allusion to a "crew" to carry out the home invasion-drug ripoff was made with no

26

27         [1]The Court takes judicial notice of the facts of the case from its Order (Doc. 50)

28  entered on July 20, 2011, pursuant to Fed.R.Evid. 201.

1   reference to anyone else by name.

2       The agent next met with Defendant Chavez and Defendant Omar Lopez-Vanegas on

3   May 26, 2011. A general allusion to a "crew" to carry out the home invasion-drug ripoff was

4   made with no reference to anyone else by name.

5       The agent next met with Defendants Chavez and Lopez-Vanegas along with

6   Defendants Cesar Moreno, Omar Castro-Niabla, Stephen Wimberly and Jesus Noriega at a

7   park on May 30, 2011. At that meeting, Defendant Jesus Noriega, the instant movant, asked

8   the agent what role the agent would play in the home invasion-drug ripoff, to which the agent

9   replied "whatever you want me to do." Defendant Jesus Noriega was assigned to tie down

10  the agent during the home invasion-drug ripoff to make it appear as though the agent had no

11  role in the home invasion-drug ripoff. Defendant Jesus Noriega also stated that four of the

12  other Defendants would go into the home and announce themselves as "Police".

13      The agent next met with Defendants Chavez and Lopez-Vanegas at the same park as

14  before on June 1, 2011, and was told that the other Defendants wanted to meet at another

15  park. The agent drove to the second park followed by Defendants Carillo and Lopez-

16  Vanegas, each in separate vehicles. Waiting at the second park were Defendant Jesus

17  Noriega and Defendant Castro-Niabla. While there, Defendant Jesus Noriega admonished

18  the agent not to talk out loud about the drugs for fear that others in the park might overhear.

19  Defendant Jesus Noriega assured the agent that the home invasion-drug ripoff would go

20  through.

21      On June 2, 2011, the agent arranged with Defendant Chavez to meet the Defendants

22  at a Holiday Inn parking lot on Grant Road west of I-10. Soon thereafter, Defendants Moreno

23  and Wimberly arrived in a black Lexus; Defendants Carillo, Chavez and Lopez-Vanegas

24  arrived in an Audi; and Defendants Ricardo Noriega, Miguel Mendoza, Castro-Niabla and

25  Defendant Jesus Noriega arrived in a Suburban. All of the Defendants got out of their

26  respective vehicles to  meet with the agent. It appeared that Defendant Jesus Noriega was in

27  charge of the meeting and he implied that Defendants Ricardo Noriega and Carillo would be

28  together during the home invasion. Defendant Carillo wanted to exchange phone numbers

1   with Defendant Jesus Noriega to coordinate the arrival and parking of a U-Haul truck at the

2   home invasion-drug ripoff site to heist the drugs.

3   **II. ANALYSIS**

4       The joinder of defendants is proper:

5           ... if they are alleged to have participated in the same act or
            transaction, or in the same series of acts or transactions,
6           constituting an offense or offenses....

7   Fed.R.Crim.P. 8(b). *See also* United *States v. Fernandez*, 388 F.3d 1199, 1242-43 (9th Cir.

8   2004)(joinder of defendants charged with various drug trafficking crimes proper because all

9   were involved in criminal activity related to Mexican mafia), *modified*, 435 F.3d 1248 (9th

10  Cir. 2005). Categorically, the "same series of acts or transactions" includes conspiracies. *Id.*

11  at 1242 (joinder proper because all defendants faced conspiracy charges despite that only a

12  sub-group of defendants were charged with predicate RICO offenses).

13      Even though joinder may be proper, a court may order severance of defendants:

14          [i]f the joinder of ... defendants in an indictment, ... appears to
            prejudice a defendant ..., the court may ..., sever the defendants'
15          trials, ....

16  Fed.R.Crim.P. 14(a).  Defendant Jesus Noriega, as the moving party:

17          must show more than that a separate trial would have given him
            a better chance for acquittal. He must also show violation of one
18          of his substantive rights by reason of the joint trial:
            unavailability of full cross-examination, lack of opportunity to
19          present an individual defense, denial of Sixth Amendment
            confrontation rights, lack of separate counsel among defendants
20          with conflicting interests, or failure properly to instruct the jury
            on the admissibility of evidence as to each defendant. In other
21          words, the prejudice must have been of such magnitude that the
            defendant was denied a fair trial.
22

23  United States v. Douglass, 780 F.2d 1472, 1478 (9th Cir. 1986)(quoting United States v.

24  Escalante, 637 F.2d 1197, 1201 (9th Cir. 1980)).

25      Defendant Jesus Noriega acknowledges that joinder of the Defendants was proper

26  under Rule 8 of the Federal Rules of Criminal Procedure. (Defendant Jesus Noriega's Motion

27  To Sever Case From Carlos Chavez (Doc. 210), p. 4). The basis for Defendant Jesus

28  Noriega's motion is that the evidence against Co-Defendant Carlos Chavez is so

- 4 -

overwhelming and wholly disparate and disproportionate to that evidence against Defendant Jesus Noriega, that the jury will be unable to compartmentalize the evidence ascribable to each and hinder Defendant Jesus Noriega's ability to possibly pursue an entrapment defense to the charges.

It is possible that evidence against one defendant may enkindle transference of guilt from one defendant to another. *See Kotteakos v. United States*, 328 U.S. 750, 774 (1946)("The dangers for transference of guilt from one to another across the line separating conspiracies, subconsciously or otherwise, are so great that no one really can say prejudice to substantial right has not taken place."). However, this "spillover" is not tantamount to substantial prejudice. *United States v. Sullivan*, 522 F.3d 967, 981-82 (9th Cir. 2008)(denial of severance proper, in part, because jury demonstrated compartmentalization through "selective verdicts"); *United States v. Hanley*, 190 F.3d 1017, 1027 (9th Cir. 1999)(denial of severance proper when defendant charged with fewer offenses and defendant's "name arose somewhat less often during the trial...."), *superseded by statute on other grounds relating to sentencing guidelines*.

The trial court has broad discretion to grant or deny a motion for severance under Rule 14(a) of the Federal Rules of Criminal Procedure. *Zafiro v. United States*, 506 U.S. 534, 541 (1993)("Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts."); *United States v. Jawara*, 474 F.3d 565 (9th Cir. 2007). The exercise of this discretion balances judicial economy against any potential risk of prejudice to a defendant. *United States v. Pitner*, 307 F.3d 1178, 1181-82 (9th Cir. 2002)(denial of severance proper because interest in hearing co-defendant's proffered testimony outweighed by interest in judicial economy); *United States v. Doss*, 630 F.3d 1181 (9th Cir. 2011).

Statements made during the course of the conspiracy are admissible against Defendant Jesus Noriega whether he is tried jointly with or severed from Co-Defendant Chavez.

> In order for a statement to qualify for admission as the statement of a co-conspirator, the following preliminary facts must be shown: (1) there was a conspiracy, (2) the defendant and the

declarant were participants in the conspiracy, and (3) the statement was made by the declarant during and in furtherance of the conspiracy.

*United States v. Bridgeforth*, 441 F.3d 864, 869 (9th Cir. 2006); *see also* Fed.R.Evid. 801(d)(2)(E).   The preliminary facts need only be proven by a preponderance of the evidence. *United States v. Layton*, 855 F.2d 1388, 1401 (9th Cir 1988)(*citing Bourjaily v. United States*, 483 U.S. 171, 175-76(1987)), *overruled on other grounds by United States v. George,* 960 F.2d 97 (9th Cir. 1992)). Judicial economy in presenting conspiratorial evidence but once, warrants that Defendant Jesus Noriega's trial not be severed from that of Co-Defendant Chavez. Any potential prejudice to Defendant Jesus Noriega can be obviated by the District Court's limiting instructions to the jury that evidence against each Defendant be considered separately. *United States v. Decoud*, 456 F.3d 996, 1009 (9th Cir. 2006).

## III.    RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court deny Defendant Jesus Noriega's Motion to Sever Case From Carlos Chavez (Doc. 210). Pursuant to 28 U.S.C. §636(b), Rule 59 of the Federal Rules of Criminal Procedure, LRCrim 12.1 and LRCiv 7.2(e)(3), any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: **CR 11-2326-TUC-RCC.**

Failure to file objections in accordance with Fed.R.Crim.P. 59 will result in waiver of the right to review.

DATED this 25th day of September, 2012.

_____
Héctor C. Estrada
United States Magistrate Judge