1

2

3          IN THE UNITED STATES DISTRICT COURT

4          FOR THE DISTRICT OF ARIZONA

5

United States of America,                    )   CR 11-02326-TUC-RCC (HCE)
                                             )
6          Plaintiff,                        )   **REPORT AND RECOMMENDATION**
                                             )
7    vs.                                     )
                                             )
8                                            )
                                             )
9    Jesus Noriega (5),                      )
                                             )
10         Defendant.                        )
                                             )
11   ———————————————————————                 )

12        Defendant Jesus Noriega filed a Motion To Suppress Defendant's Statement (Doc.

13   209). The Government filed a Response To Defendant Jesus Noriega's Motion To Suppress

14   Defendant's Statement (Doc. 220).

15        Defendant's motion came on for hearing on September 17, 2012. Alcohol, Tobacco,

16   Firearms and Explosives Special Agent David Korn (hereinafter "SA Korn") testified for the

17   Government. The Government introduced into evidence Government Exhibit 2: an audio-

18   visual CD recording of an interview with Defendant. A transcript of the hearing was ordered

19   (Doc. 226), filed with the Court (Doc. 230), and is forwarded to the District Court for its

20   review and consideration.

21        After review of Defendant's Motion To Suppress Defendant's Statement (Doc. 209),

22   the Government's Response To Defendant Jesus Noriega's Motion To Suppress Defendant's

23

24

Statement (Doc. 220), Government Exhibit 2, SA Korn's testimony[1], the Magistrate Judge recommends that the District Court deny in part and grant in part Defendant's Motion To Suppress Defendant's Statement (Doc. 209).

## I. PROCEDURAL AND FACTUAL BACKGROUND

### A.    Indictment

It is alleged that Defendant: from a time unknown to on or about June 2, 2011, at or near Tucson, in the District of Arizona, knowingly and intentionally conspired with Defendants 1through 4 and 6through 9, to possess with the intent to distribute 682 kilograms of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(B)(vii), and 846 (Count 1); on or about June 2, 2011, at or near Tucson, in the District of Arizona, possessed and carried firearms, or aided, abetted, counseled, commanded, induced and procured the possession and carrying of firearms, specifically, one Sig Sauer, Model SP2022, 9mm caliber pistol, serial number SP0094054; one Springfield Armory, Model XDM-9, 9mm caliber pistol, serial number MG938162; and one Colt, Government Model Series 80, .45 caliber pistol, serial number CV26284, in furtherance of a drug trafficking offense as defined in 18 U.S.C. §924(c)(2), and 21 U.S.C. 802, *et. seq*. i.e., conspiracy to possess with the intent to distribute a controlled substance, as alleged in Count 1 of the indictment, in violation of 18 U.S.C. §924(c)(1)(A)(i) (Count 2); and on or about June 2, 2011, at or near Tucson, in the District of Arizona, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, i.e., Fleeing From A Law Enforcement Vehicle, case number CR 20063300, and Theft Of Means Of Transportation, case number CR 20063227, both felony offenses, in the Superior Court of Arizona, Pima County, Tucson, Arizona, on December 13, 2006, knowingly possessed firearms as alleged in Count 2 of the indictment, said firearms being in and affecting commerce in that such firearms were previously transported into the State of Arizona from

---

[1]Respective counsel did not present oral argument for or against Defendant's Motion To Suppress Defendant's Statement, but rather, submitted the motion for the Court's consideration.

another state or foreign country, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2). (Count 3).  (Doc. 25).

**B.    Facts**

Based upon an extensive investigation of a home invasion-drug ripoff crew lasting from April 18, 2011 to June 2, 2011, Defendant was arrested on June 2, 2011, after he ran from a Suburban, in which he was one of several passengers, into the Santa Cruz River wash and on to an industrial park on the east side of the Santa Cruz River on the south side of Grant Road just west of I-10. He was brought to the Tucson Police Department for an interview.

Once there, SA Korn witnessed SA Berlin advise Defendant in English of his rights per *Miranda.* (Korn at pp. 11, 20 (Doc. 230)). Defendant affirmatively stated that he understood his rights, agreed to be interviewed, and was in fact interviewed in English.(*Id.* at p. 12). One minute and forty-five seconds into the interview, Defendant affirmatively stopped the interview when he asked for an attorney and the interview was terminated. (*Id.* at pp. 13-14, 18; Government Exhibit 2). Defendant did not have any difficulty communicating in English during the interview; did not appear to have had difficulty understanding his rights per *Miranda*; did not appear to have difficulty understanding the English language; was not hesitant during the interview; and answered appropriately to questions asked during the interview. (*Id.* at pp. 12-13).

The interview conducted with Defendant was question and answer. (*Id.* at. p. 15). The interrogation of Defendant was free of promises, implied or explicit, duress, threats, force, pressure, and he was not told that he must answer questions. (*Id.* at pp. 15, 22).

The Government has introduced into evidence an audio-visual CD wherein post-arrest statements were made by Defendant. (Government Exhibit 2). Defendant was advised of his rights per *Miranda* off the record and the interview of Defendant was under way when the recording was initiated. (Korn at pp. 11, 19, 20). This audio-visual CD begins at 6:19:49 p.m. and ends at 6:24:50 p.m. At 6:21:34 p.m., Defendant invoked his right to remain silent, stating twice "I need a lawyer".  SA Korn opines that Defendant's request was scrupulously

honored, by the agents ceasing the interview and leaving the room. (*Id.* at pp. 14, 22). At 6:24:01 p.m., a different agent entered and at 6:24:14 p.m. asks Defendant in Spanish "What is your name, sir?"[2] to which Defendant responds "Jose Noriega". At 6:24:24 p.m. the agent asks Defendant "What is your complete name?"[3] to which Defendant again responds "Jose Noriega". The agent then proceeds to ask biographical questions of Defendant until the audio-visual CD ends at 6:24:50 p.m.

Approximately five minutes later, the audio-visual CD resumes the ongoing interview of Defendant by the same agent. It begins at 6:30:08 and ends at 6:35:09 p.m. At its very outset, Defendant is asked "Today, did you have a gun?" to which Defendant responds "No". The next immediate question asked of Defendant is "Did you run at all today?" to which Defendant responds "No". At 6:30:56 p.m., the agent broaches the matter of Defendant's previous request for an attorney, with the following exchange:

> (Agent) Q: Are you still requesting that attorney, Mr.Noriega?
>
> (Defendant) A: I don't know what's going on, so I don't ...
>
> (Agent) Q: I just didn't know if maybe you had changed your mind and wanted to talk with us or something.
>
> (Defendant) A: Talk about what? I don't have nothing to talk.

## II. ANALYSIS

Defendant was in custody and before interrogation at the Tucson Police Department began, he was advised of his rights per *Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966). *Miranda* ensures that one accused is advised and understands the right to remain silent and the right to counsel. *Davis v. United States*, 512 U.S. 452, 460 (1994); *Moran v. Burbine*, 475 U.S. 412, 427 (1986). Defendant understood his rights and answered questions for approximately one minute and forty-five seconds, at which time he unequivocally invoked his right to cease questioning by twice asking for an attorney. During that time there was no

---

[2]"¿Cómo se llama, señor?"

[3]"¿Qué es su nombre completa?"

over-reaching by the agents to coerce or pressure Defendant to continue answering questions.

Waiver of *Miranda* can be established by either formal or express statements or implied from the totality of the circumstances. *North Carolina v. Butler*, 441 U.S. 369, 373 (1979). The mere fact that *Miranda* warnings were given and a defendant thereafter made an uncoerced statement, is insufficient to evidence a valid waiver. *Miranda*, 384 U.S. at 475. The Government must make an additional showing that a defendant understood these rights. *Colorado v. Spring*, 479 U.S. 564, 573-75 (1987). Herein, there is no question that Defendant was properly advised of and understood his rights. The testimony of SA Korn was that Defendant was advised in English, acknowledged in English that he understood his rights, and was not hesitant in his corresponding answers to questions he was asked.

Defendant's understanding of his rights is evidenced by his presence of mind to cease questioning by his twice unambiguously and unequivocally asking for an attorney. *Davis*, 512 U.S. at 459 (invocation of *Miranda* right to counsel must be unambiguous). Furthermore:

> ... there is no principled reason to adopt different standards for determining when an accused has invoked the *Miranda* right to remain silent and the *Miranda* right to counsel .... Both protect the privilege against compulsory self-incrimination ..., by requiring an interrogation to cease when either right is invoked.

*Berghuis v. Thompkins*, __ U.S. __, 130 S.Ct. 2250, 2260 (2010)(citations omitted); *see also Hurd v. Terhune*, 619 F.3d 1080, 1089 (9th Cir. 2010).

It is unknown to the Court what occurred between 6:24:50 p.m., the end of the first audio-visual segment, and 6:30:08 p.m., the beginning of the second audio-visual segment, i.e., was Defendant given a fresh set of *Miranda* warnings? What is known is that the immediate first two questions beginning the second audio-visual segment concerned the crimes Defendant is charged with having committed. The second agent went on to acknowledge Defendant's previous request for an attorney: "Are you *still* requesting that attorney, Mr. Noriega?' and " I just didn't know *if maybe you had changed your mind ....*". *See Garvin v. Farmon*, 258 F.3d 951, 954-55 (9th Cir. 2001)(invocation of right to silence not scrupulously honored because detective continued questioning defendant after request for

attorney). Based upon these circumstances, the Court cannot imply that the Government has established a waiver of *Miranda*. *Butler*, 441 U.S. at 373.

**III. CONCLUSION**

The Government has met its burden to show waiver of *Miranda* rights with regard to initial questioning. *Butler*, 441 U.S. at 373.  This burden to establish waiver is by a preponderance of the evidence. *Colorado v. Connelly*, 479 U.S. 157 168 (1986). However, Defendant affirmatively, unambiguously and unequivocally invoked his right to remain silent when he twice asked for an attorney. Any interrogation of Defendant subsequent to his invocation of his right to an attorney wherein he makes statements pertaining to the offenses with which he is charged, should be suppressed.

**IV.    RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends that the District Court deny in part and grant in part Defendant Jesus Noriega's Motion to Suppress Defendant's Statement (Doc. 209).  The Motion should be denied with regard to the initial questioning up to when Defendant requested an attorney.  The Motion should be granted with regard to any interrogation of Defendant subsequent to his invocation of his right to an attorney wherein he makes statements pertaining to the offenses with which he is charged.

Pursuant to 28 U.S.C. §636(b), Rule 59 of the Federal Rules of Criminal Procedure, LRCrim 12.1 and LRCiv 7.2(e)(3), any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: **CR 11-2326-TUC-RCC.**  Failure to file objections in accordance with Fed.R.Crim.P. 59 will result in waiver of the right to review.

DATED this 25th day of September, 2012.

_____
Héctor C. Estrada
United States Magistrate Judge

- 6 -